IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERBERT P. STEELE, DORIS JONES STEELE,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN FEDERAL BANK, FSB, WILSHIRE CREDIT CORP., DOES 1-5,<br><br>Defendants. | Case No. 08-cv-01691<br>Honorable William T. Hart<br>Honorable Magistrate Judge Mason |

## OCWEN'S FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendant, Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank, FSB ("Ocwen"), by and through its attorneys, moves this Court to dismiss the Complaint filed by Plaintiffs against Ocwen for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In support of its Motion, Ocwen states as follows:

### INTRODUCTION

In their Complaint, Plaintiffs allege that Finance America violated the federal Truth-in-Lending Act ("TILA") in its origination of Plaintiffs' mortgage loan ("the Loan"). Plaintiffs do not name Finance America, however, and instead name Ocwen, whom Plaintiff admits was a former servicer of the Loan, and also name Wilshire Credit Corporation, whom Plaintiff alleges was the servicer when Plaintiffs paid off the Loan two years ago. The former assignee owner(s), for whom assignments were being recorded, are not named. Plaintiffs' Complaint against Ocwen fails as a matter of law since TILA exempts loan servicers from liability for any alleged TILA violations. As such, Plaintiffs' Complaint should be dismissed. In addition, because Plaintiffs named Ocwen despite knowledge that Ocwen was only a former servicer, and because Plaintiffs refused to

1

dismiss Ocwen, Plaintiffs have presented a frivolous claim and wasted judicial resources and thus sanctions are appropriate.

## ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(6), a cause of action can be dismissed for failure to state a claim upon which relief can be granted. In considering a motion to dismiss, the Court must accept all well-pleaded factual allegations as true and draw all inferences in the plaintiff's favor. *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006). The Court should dismiss a Complaint if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Phelan v. City of Chicago*, 347 F.3d 679, 681 (7th Cir. 2003), *quoting Conley v. Gibson*, 255 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

I. **Plaintiffs' Complaint Against Ocwen Should be Dismissed as a Matter of Law Since Ocwen Cannot Be Found Liable for TILA Claims as Ocwen Is a Servicer.**

Plaintiffs' Complaint clearly—and correctly—identifies Ocwen as a former servicer of the Loan. See ¶¶22-23 of Plaintiffs' Complaint. In consumer credit transactions, the "servicer" is the entity responsible for receiving scheduled periodic payments from the borrower and making any payments of principal and interest that are required under the terms of the loan. 12 U.S.C. §§ 2605(i)(2), (3). Put more simply, the servicer performs the basic administrative functions associated with the transaction.

Entities like Ocwen that merely service loans are exempt from liability under TILA unless the servicer is or was the owner of the obligation. 15 U.S.C. §1641(f)(1). Because Plaintiffs have neither alleged nor demonstrated that Ocwen was or is the owner of the Loan, their TILA claim against Ocwen fails as a matter of law. *See, e.g., Bills v. BNC Mortgage, Inc.*, 502 F. Supp. 2d 773, 775 (N.D. Ill. 2007); *Chow v. Aegis Mortgage Corp.*, 286 F. Supp. 2d 956,

959 (N.D. Ill. 2003); *Walker v. Gateway Financial Corp.*, 286 F. Supp. 2d 965, 969 (N.D. Ill. 2003); *Payton v. New Century Mortgage Corp.*, 2003 WL 22349118 at *5 (N.D. Ill. 2003) (dismissing plaintiff's claims against Ocwen because Ocwen merely serviced the loan and plaintiff presented no evidence indicating that Ocwen owned the obligation). As such, Plaintiffs have no cause of action against Ocwen and their Complaint should be dismissed.

Although it is clear that Ocwen has no liability under TILA, some Judges in this district have ruled that at the motion to dismiss stage, a servicer can be kept in as an interested party under Federal Civil Procedure Rule 19(a), in order to prevent a possible foreclosure or adverse credit reporting if the rescission is granted. That is not appropriate in this case for two reasons. First, Ocwen is not the current servicer. As some Judges in this district have pointed out, the idea that even a current servicer is a necessary party because it might report a granted rescission improperly or might file a foreclosure action—which would have to be in the name of the assignee holder—is "purely speculative and does not warrant retaining [the current servicer] as a defendant." *Bills v. BNC Mortgage, Inc.*, 502 F. Supp. 2d 773, 775 (N.D. Ill. 2007). There is simply no reason at all to keep a prior servicer in as an interested party. Second, the Loan in this case was paid off two years ago. Thus, even if Ocwen had been the last servicer—which it was not—there is no risk of a foreclosure action or other similar conduct.

Thus, it would be proper and in the interest of judicial economy for this Court to dismiss Ocwen, as Plaintiffs have no possible cause of action against Ocwen.

## CONCLUSION

Assuming the truth of each and every one of their allegations, Plaintiffs can present no valid claim against Ocwen. As such, their Complaint should be dismissed as a matter of law as against Ocwen.

WHEREFORE, for all of the above reasons, Ocwen prays this Court entered an Order dismissing Plaintiffs' Complaint against Ocwen on all counts and causes of action asserted, including all prayers for relief therein, for its costs and attorneys fees incurred herein, and for such other relief as this Court deems just and appropriate.

Respectfully submitted,

Dated: May 19, 2008

By: /s/ Amy A. Kalarickal
One of its Attorneys

Potestivo & Associates, P.C.
Amy A. Kalarickal (ARDC #: 6291675)
134 North LaSalle Street, Suite 2050
Chicago, Illinois 60602
Telephone: (312) 263-0003 ext. 100
Main Fax: (312) 263-0002
Email: akalarickal@potestivolaw.com
Attorneys for Ocwen

## CERTIFICATE OF SERVICE

I, Amy A. Kalarickal, an attorney, hereby certify that a true and correct copy of the foregoing Defendant Ocwen's FRCP 12(b)(6) Motion to Dismiss Plaintiffs' Complaint was served upon counsel of record through operation of the Court's ECF system on **May 19, 2008**:

**Counsel for Plaintiffs Herbert P. Steele and Doris Jones Steele**
Al Hofeld, Jr. - al@alhofeldlaw.com

I also certify that I mailed by United States postal service the same document to the following non-registered participants on **May 19, 2008:**

**Defendant Wilshire Credit Corporation**
c/o Registered Agent, Illinois Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

**Defendant Does 1-5**
Address Unknown and unidentified by Plaintiff

                                                             Respectfully submitted,

                                                             _/s/   Amy A. Kalarickal_
                                                             One of its attorneys

Potestivo & Associates, P.C.
Amy A. Kalarickal  ARDC #: 6291675
134 N. LaSalle St, Suite 2050
Chicago, IL 60602
Telephone: (312) 263-0003
Main Fax: (312) 263-0002