1492-68

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| HERBERT P. STEELE and | ) | |
| DORIS STEELE, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 08 CV 1691 |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION, | ) | Judge Hart |
| As TRUSTEE FOR THE SPECIALTY | ) | Magistrate Judge Mason |
| UNDERWRITING AND RESIDENTIAL | ) | |
| FINANCE TRUST MORTGAGE LOAN | ) | |
| ASSET-BACKED CERTIFICATES | ) | |
| SERIES 2006-BC2; and DOES 1-5, | ) | |
| Defendants, | ) | |

**DEFENDANT U.S. BANK'S ANSWERS TO**
**PLAINTIFF'S AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant, U.S. Bank National Association as Trustee for the Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates Series 2006-BC2, by and through its attorneys, James V. Noonan, Mitchell A. Lieberman, Jonathan D. Nusgart, Ruth B. Sosniak, Patrick J. McCann, Katherine M. Donat and Noonan & Lieberman, Ltd., hereby submits its answers to Plaintiff's Amended Complaint as follows.

**INTRODUCTION**

1. Plaintiffs bring this action to rescind a "subprime" mortgage and to recover damages for violation of the Truth in Lending Act, 15 U.S.C. Sect. 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:** U.S. Bank makes no answer to this paragraph as it is not directed at it, is introductory in nature, and pleads no facts. Further answering, U.S. Bank denies that it or any party it is in privity with violated TILA.

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. sects. 1331 (general federal question), 1337 (interstate commerce), 15 U.S.C. Sect. 1601, et seq. (TILA").

**ANSWER:** U.S. Bank does not contest jurisdiction.

3. Defendants transact business in the District and are deemed to reside here.

**ANSWER:** U.S. Bank does not contest venue.

## PARTIES

4. Plaintiffs Herbert P. Steele and Doris Jones Steele are husband and wife and reside with their children in a home located at 2237 East 92nd Place, Chicago, Illinois, 60617. They are ordinary consumers. Plaintiffs are African-American.

**ANSWER:** U.S. Bank has insufficient knowledge of the allegations set forth in paragraph 4 and neither admits nor denies same but demands strict proof thereof.

5. Defendant U.S. Bank National Association ("U.S. Bank") is a federally chartered, retail bank with headquarters at 425 Walnut Street, Cincinnati, Ohio, 45202. U.S. Bank is engaged in the business of purchasing and holding legal title to residential mortgage loans, as trustee. U.S. Bank is a subsidiary of US Bancorp, a financial services holding company with corporate headquarters located at U.S. Bancorp Center, 800 Nicolet Mall, Minneapolis, MN 55402. U.S. Bancorp is headquartered at 745 Seventh Avenue, New York, NY 10019. U.S. Bank National Association does business in Illinois.

**ANSWER:** U.S. Bank admits the allegations set forth in paragraph 5.

6. If U.S. Bank was not the last owner of plaintiffs' June 20, 2005 mortgage loan from Finance America, LLC, before that loan was paid off in full on or about July 6, 2006, the

current actual owner(s) is/are named herein as Does 1-5. Ownership of such loans is not a matter of public record.

**ANSWER:** No answer is required as the allegations in this paragraph are not directed at U.S. Bank.

### FACTS RELATING TO PLAINTIFF'S MORTGAGE TRANSACTION

7. Prior to June 20, 2005, plaintiffs applied for refinancing through a mortgage broker, The Lending Center.

**ANSWER:** U.S. Bank has insufficient knowledge of the allegations set forth in paragraph 7 and neither admits nor denies same but demands strict proof thereof.

8. The Lending Center submitted plaintiffs' application for refinancing to Finance America, LLC, which approved a loan.

**ANSWER:** U.S. Bank has insufficient knowledge of the allegations set forth in paragraph 8 and neither admits nor denies same but demands strict proof thereof.

9. The loan was closed on or about June 20, 2005.

**ANSWER:** U.S. Bank has insufficient knowledge of the allegations set forth in paragraph 9 and neither admits nor denies same but demands strict proof thereof.

10. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** U.S. Bank has insufficient knowledge of the allegations set forth in paragraph 10 and neither admits nor denies same but demands strict proof thereof.

11. Plaintiffs owned the property jointly, and both signed the mortgage (Exhibit A).

**ANSWER:** U.S. Bank has insufficient knowledge of the allegations set forth in paragraph 11 and neither admits nor denies same but demands strict proof thereof.

12.     The following are documents relating to the loan: a mortgage (<u>Exhibit A</u>), a note (<u>Exhibit B</u>), a HUD-1 Settlement Statement (<u>Exhibit C</u>), a Truth In Lending Disclosure Statement (<u>Exhibit D</u>) and two federal Notice of Right to Cancel forms (<u>Exhibit E</u>).

**ANSWER:**     The documents attached speak for themselves; therefore, no answer is required. To the extent an answer is required, U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations. U.S. Bank denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.

13.     Finance America gave plaintiffs a 2/28 Adjustable Rate Note with a starting interest rate of 7.855% (<u>Exhibit B</u>).  The maximum rate on the note was 13.855% (<u>Id</u>.).

**ANSWER:**     U.S. Bank admits that the document is what it purports to be and, upon information and belief, admit that it relates to the loan but has insufficient knowledge as to the remaining allegations set forth in paragraph 13.

14.     In addition to over $3,000 in junk fees that plaintiffs paid directly to the broker and the lender (<u>Exhibit C</u>, lines 803, 804, 808-810, 812-814), Finance America paid the Lending Center a $2,512 Yield Spread Premium ("YSP") (<u>Exhibit</u> C, line 811).  "POC" is an abbreviation that means "paid outside of closing".

**ANSWER:**     U.S. Bank admits that the documents are what they purport to be but expressly denies the characterization of any of the closing costs as "junk fees".  U.S. Bank has insufficient knowledge as to the remaining allegations set forth in paragraph 14.

15.     In the mortgage industry, a YSP is a commercial incentive payment paid by a lender to a broker based on the extent to which the broker successfully increases the interest rate above the lender's base or "par" rate for which the borrower qualifies.  The par rate is the minimum rate at which the lender is willing to make the loan, based on the applicant's objective credit and financial qualifications.

**ANSWER:**     U.S. Bank denies that the Plaintiffs' definition adequately and completely defines a YSP.

16.     For example, if the broker procures an interest rate on the loan that is .50% above "par", the lender will pay a YSP of, e.g., 0.5% of the principal amount of the loan to the broker. The amount of the YSP corresponds directly to the amount of increase in rate.

**ANSWER:**     No answer is necessary as paragraph 16 pleads no facts or claims but is merely an illustration of a hypothetical transaction.

17.     Crucially, the lender's payment of a YSP and the broker's imposition of the higher interest rate – as well as the lender's and broker's decisions as to the size of the YSP and the degree of increase above par, respectively – are unrelated to the applicant's qualifications or credit risk. By definition, the lender is willing to make the loan at the "par" or "Base" interest rate.

**ANSWER:**     U.S. Bank denies the allegations set forth in paragraph 17.

18.     On information and belief, the practice of paying and receiving YSPs disproportionately adversely affects the interest rates given to minority consumers, such as plaintiffs.

**ANSWER:**     U.S. Bank denies the allegations set forth in paragraph 18.

19.     In plaintiffs' transactions, the amount of the YSP was exactly two percent of the principal amount of the loan. On information and belief, plaintiffs were given an interest rate that was a full 2.0% above the rate they should have gotten, based on their qualifications.

**ANSWER:**     U.S. Bank has insufficient knowledge of the allegations set forth in paragraph 19 and neither admits nor denies same but demands strict proof thereof.

20. Plaintiffs did not know what a YSP was, did not understand its effect, and were unaware that one had been imposed on their transaction with Finance America until they consulted current counsel.

**ANSWER:** U.S. Bank denies that the Plaintiffs were unaware that a YSP had been imposed as that fact had been disclosed to them at closing; U.S. Bank has insufficient knowledge of the remaining allegations set forth in paragraph 20 and neither admits nor denies same but demands strict proof thereof.

21. On information and belief, Defendant U.S. Bank was the last legal holder, as trustee, of plaintiffs' June 20, 2005 mortgage loan from Finance America, LLC, before the loan was paid off in full on or about July 6, 2006. The name of the trust in which the loan was held was the Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates Series 2006-BC2.

**ANSWER:** Upon information and belief, U.S. Bank admits the allegations set forth in paragraph 21.

22. The Lending Center is not named as a defendant because it recently (in January, 2008) filed for bankruptcy protection.

**ANSWER:** U.S. Bank has insufficient knowledge of the allegations set forth in paragraph 22 and neither admits nor denies same but demands strict proof thereof.

23. Finance America, LLC, is not named as a defendant because, on information and belief, it is closed and no longer in business.

**ANSWER:** U.S. Bank has insufficient knowledge of the allegations set forth in paragraph 23 and neither admits nor denies same but demands strict proof thereof.

24. During 2005, Finance America, LLC, originated more than 26 loans.

**ANSWER:** U.S. Bank has insufficient knowledge of the allegations set forth in paragraph 24 and neither admits nor denies same but demands strict proof thereof.

## COUNT I – TRUTH IN LENDING ACT – INDIVIDUAL CLAIM

25.     Plaintiff incorporates paragraphs 1-24.  This count is against U.S. Bank.

**ANSWER:**  U.S. Bank adopts and realleges its answers to paragraphs 1 through 24 as and for its answers to paragraph 25 of Count I as if fully stated therein.

26.     Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. Sect. 1635 and 12 C.F.R. Sect. 226.23.  Sect. 226.23 provides:

(a)     Consumer's right to rescind:

(1)  In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principle dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.

(2)  To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication.  Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3)  The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last.  IF the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all the consumer's interest in the property, or upon sale of the property, whichever occurs first.  In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.  [15 U.S.C. § 1635(f)]

(4)  When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b)     Notice of right to rescind.  In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind.  The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

7

      (1)  The retention or acquisition of a security interest in the consumer's principal dwelling.

      (2)  The consumer's right to rescind the transaction.

      (3)  How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

      (4)  The effects of rescission, as described in paragraph (d) of this section.

      (5)  The date the rescission period expires. . . .

(f)  <u>Exempt transactions</u>.  The right to rescind does not apply to the following:

      (1)  A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

      (2)  A credit plan in which a state agency is a creditor.

**ANSWER:**  U.S. Bank has insufficient knowledge of the allegations set forth in paragraph 25 and neither admits nor denies same but demands strict proof thereof. U.S. Bank denies that Paragraph 25 accurately cites 12 C.F.R. § 226.23. U.S. Bank denies the allegations in Paragraph 25 insofar as they purport to make any allegation of wrongdoing by U.S. Bank under TILA or Regulation Z of same. U.S. Bank denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage. U.S. Bank denies the remaining allegations in Paragraph 26.

## **GROUNDS FOR RESCISSION**

27.    In connection with the loan, Finance America failed to "clearly and conspicuously" disclose to plaintiffs their federal right to rescind the loan for the following reasons, without limitation.

**ANSWER:**  U.S. Bank denies the allegations set forth in paragraph 27.

28.    First, plaintiffs were provided with a total of two federal Notice of Right to Cancel forms, instead of the four required (i.e., two per mortgagor) by 12 C.F.R. Sect. 226.23(b) above (quoted above).

**ANSWER:**   U.S. Bank denies the allegations set forth in paragraph 28.

29.   Second, the federal Notice of Right to Cancel forms do not clearly and conspicuously disclose Mrs. Steel's right to rescind.  Neither notice is addressed to her.  At the top of each notice, where it says "BORROWERS/OWNERS," only Mr. Steele's name appears.  Thus, the forms failed to clearly inform Mrs. Steele that she, too, had a right to rescind in a context where Mr. Steele was the only one who signed the loan application and the note.

**ANSWER:**   U.S. Bank denies the allegations set forth in paragraph 29.

30.   Either violation alone entitles plaintiffs to rescind the loan.

**ANSWER:**   U.S. Bank denies the allegations set forth in paragraph 30.

31.   notice that plaintiffs are exercising their right to rescind the loan was sent to all known servicers of the loan (Exhibit F).  Pursuant to its obligations under TILA, Wilshire Credit Corporation then disclosed to plaintiffs the last owner of their debt obligation, namely, defendant U.S. Bank (Exhibit G).

**ANSWER:**   U.S. Bank has insufficient knowledge as to what Plaintiffs sent to others but admits that Wilshire Credit Corporation disclosed that the last owner of their debt obligation was U.S. Bank.

32.   The loan has not been rescinded (Exhibit G).

**ANSWER:**   U.S. Bank admits the allegation set forth in paragraph 32.

33.   Plaintiffs paid off the loan in full when they refinanced their home in July, 2006.  In the Seventh Circuit, plaintiffs are entitled to rescind the loan even after it has been paid off in full.

**ANSWER:**  Upon information and belief, U.S. Bank admits that Plaintiffs paid off the loan in full when they refinanced their home in July 2006 but denies the remaining allegations as they state a legal conclusion.

34. Under 15 U.S.C. Sec. 1641(c), the right to rescind may be exercised against "any assignee."

**ANSWER:**  U.S. Bank denies the allegations set forth in paragraph 34.

35. In addition, 15 U.S.C. Sect. 1635(g) provides:

> Additional relief
> In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

**ANSWER:**  U.S. Bank admits that Plaintiffs have accurately summarized the rule regarding additional relief but denies its application to U.S. Bank or this case.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part, on the ground that if any law was violated in any manner whatsoever, such violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not U.S. Bank, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

5. U.S. Bank alleges that at all times relevant to this action it acted within the course and scope of reasonable commercial standards and legitimate business transactions.

6. Plaintiffs' claims are barred in whole or in part, because plaintiffs would be unjustly enriched if allowed to recover on the theories alleged.

7. Plaintiffs are not entitled to rescind their mortgage loan under TILA, or to obtain any statutory damages because all required disclosures and notices were accurately and timely made.

8. Plaintiffs are not entitled to statutory damages, or actual damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

9. If it should be deemed that Plaintiffs are entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiffs' reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiffs' behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. §1605(b) and/or other rules of law or equity. Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiffs' reimbursing or otherwise returning all funds disbursed on their behalf to the holder of the loan in connection with the subject loan, less any finance charges.

10. U.S. Bank alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. U.S. Bank reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

WHEREFORE, Defendant, U.S. Bank, requests that this Court enter judgment in its favor and against plaintiffs, award U.S. Bank its costs, and provide such further and additional relief as it deems just and appropriate.

/s/ James V. Noonan
Attorney for Defendant,
U.S. Bank National Association

James V. Noonan #6200366
Mitchell A. Lieberman #6193234
Jonathan D. Nusgart #6122908
Ruth B. Sosniak #6204497
Patrick J. McCann #6275478
Katherine M. Donat #6289386
Noonan & Lieberman, Ltd.
105 W. Adams, Suite 3000
Chicago, Illinois  60603
312-431-1455

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing Defendant U.S. Bank's Answers to Plaintiffs' Amended Complaint and Affirmative Defenses was served by electronic filing with the clerk of the Court (ECF) on the following parties or their attorneys:

    Al Hofeld, Jr.
    Law Offices of Al Hofeld, Jr., LLC
    208 S. LaSalle Street, Suite 1650
    Chicago, IL  60604

on July 22, 2008.

                                        Respectfully submitted,

                                        /s/ James V. Noonan
                                        Attorney for Defendant,
                                        U.S. Bank National Association

James V. Noonan #6200366
Mitchell A. Lieberman #6193234
Jonathan D. Nusgart #6122908
Ruth B. Sosniak #6204497
Patrick J. McCann #6275478
Katherine M. Donat #6289386
Noonan & Lieberman, Ltd.
105 W. Adams, Suite 3000
Chicago, Illinois  60603
312-431-1455